**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS J. BALBONI, JR., | )<br>) |
| Petitioner, | )   3:11-cv-00457-RCJ-VPC<br>) |
| vs. | )   **ORDER**<br>) |
| RENEE BAKER, *et al.*, | )<br>) |
| Respondents. | )<br>/ |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

On November 30, 2011, respondents filed a motion to dismiss the petition. (ECF No. 11). Concurrent with the filing of the motion to dismiss, respondents filed a motion for leave to file certain exhibits under seal. (ECF No. 17). Respondents seek to file under seal petitioner's competency evaluations (Exhibits 19, 87A, and 87B), a presentence report and an amended presentence report containing confidential information regarding petitioner (Exhibits 87C and 87D), police reports which include identifying information of the minor victim and a juvenile suspect (Exhibits 87E and 87F), and a confidential petition for an involuntary civil commitment (Exhibit 87G). Respondents have filed these exhibits under seal for *in camera* review. (ECF No. 19).

There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for improper purposes." *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and motions in terms of the showing required to seal a document. For a document filed with a dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In contrast, for documents filed with non-dispositive motions, a "good cause" showing will suffice to keep the records sealed. *Id.* This is based on the reasoning that the public has less need for access to records that are merely tangentially related to the underlying cause of action. *Id.* at 1179. A showing of good cause generally requires a specific description of the particular document(s) sought to be sealed and a showing that disclosure of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994). Where good cause is shown for a protective order, the court must balance the potential harm to the moving party's interests against the public's right to access the court files. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

The exhibits filed under seal in this case were was submitted in support of respondents' motion to dismiss. (ECF No. 11). The motion to dismiss is a dispositive motion and therefore respondents must show "compelling reasons" to keep the document sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89. In the instant case, the exhibits filed under seal contain confidential information concerning petitioner and others, as defined under NRS 176.156, NRS

178.5691, and the Administrative Regulations of the Nevada Department of Corrections. On balance, the potential harm to both respondents' and petitioner's interests outweighs the public's right to access the sealed documents. Respondents have made an adequate showing of compelling reasons to keep the requested exhibits sealed. Accordingly, the Court grants respondents' motion. All exhibits submitted for *in camera* review at ECF No. 19, shall remain sealed.

**IT IS THEREFORE ORDERED** that respondents' motion to seal Exhibits (ECF No. 11) is **GRANTED.** The Clerk of Court shall keep the exhibits submitted at ECF No. 19 (Exhibits 19, 87A, 87B, 87C, 87D, 87E, 87F, and 87G) under seal.

**IT IS FURTHER ORDERED** that petitioner's motion to strike (ECF No. 10) respondents' previously filed motion an extension of time is **DENIED.**

Dated this 9th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE