UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS J. BALBONI, JR., | ) | |
| Petitioner, | ) | 3:11-cv-00457-RCJ-VPC |
| vs. | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition (ECF No. 11).

**I. Procedural History**

On June 3, 2004, the State filed an information charging petitioner with a single count of sexual assault. (Exhibit 8).[1] On January 6, 2006, the State filed an amended information reducing the charged offense to a single count of lewdness with a minor under the age of fourteen. (Exhibit 26). Prior to entry of his plea, petitioner underwent competency evaluations and the state court found petitioner competent to proceed. (Exhibit 23, at p. 25). On January 10, 2006, petitioner

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12, 13, 14, 15, 16, 26, and 32.

executed a guilty plea memorandum and entered an *Alford* plea of guilty to the charge of lewdness with a minor under the age of fourteen. (Exhibits 27, 28).

On April 13, 2006, the state district court sentenced petitioner to a maximum term of incarceration of 180 months with a minimum parole eligibility beginning after sixty months. (Exhibit 30). The judgment of conviction was entered on April 13, 2006. (Exhibit 31). Petitioner filed a notice of appeal on August 28, 2007, well after the expiration of the time for filing a notice of appeal pursuant to Rule 4(b) of the Nevada Rules of Appeal Procedure. (Exhibit 33). On September 25, 2007, the Nevada Supreme Court entered a written order dismissing the appeal in Case No. 50112, because the untimely notice of appeal failed to vest jurisdiction with the Nevada Supreme Court. (Exhibit 38).

Beginning June 30, 2008, petitioner filed a series of motions in the state district court seeking an order vacating his sentence or allowing him to withdraw his *Alford* plea. (Exhibits 40, 47, 51, 54, 55). The only motions petitioner submitted to the state district court for a decision were two identical motions to vacate the sentence, filed by petitioner on June 30, 2008, and September 15, 2008. (Exhibits 40, 42, 47, 48, 52). Both motions were accompanied by a supporting affidavit. (Exhibits 40, 47).

On August 13, 2009, the state district court issued an order addressing the motion and affidavit that petitioner had filed on September 15, 2008. (Exhibit 56). By way of the motions for vacate and accompanying affidavits, petitioner sought to assert a constitutional violation based on the fact that he was not read his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (Exhibit 47). While the motion asserted that the Reno Police Department failed to read petitioner his rights prior to questioning him (Exhibit 47, at p. 1), the accompanying affidavit asserted that petitioner was not read his rights "at the time [he] was convicted . . . ." (Exhibit 47, at p. 4). In its order, the state district court denied the motion as "an improper *ex parte* communication" due to the absence of a certificate of service. (Exhibit 56). However, the state district court reviewed the affidavit, which

2

the court found lacking merit because petitioner "offer[ed] no explanation as to how a failure to read the *Miranda* warnings at the time of conviction amounts to a Constitutional violation." (Exhibit 56). The state district court denied the June 30, 2008 motion and affidavit. (Exhibit 56).

On appeal, in Case No. 55158, the Nevada Supreme Court affirmed the denial of the motions without requiring briefing from the parties, because petitioner did not present a claim in the state district court that would permit modification or correction of his sentence in accordance with state law, and because petitioner should have raised claims attacking the validity of his conviction by way of a post-conviction state habeas corpus petition. (Exhibit 122).

On December 24, 2009, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 57). The state district court appointed counsel, who filed a supplemental petition. (Exhibits 75 & 87). The State filed a motion to dismiss petitioner's state habeas petitions, which the state district court granted, finding the petitions untimely pursuant to NRS 34.726. (Exhibits 94, 98, 106). Petitioner appealed from the dismissal of his state habeas petitions. (Exhibit 115). On June 8, 2011, in Case No. 57262, the Nevada Supreme Court entered an order of affirmance of the state district court's order dismissing the state petitions. (Exhibit 129).

On September 14, 2011, petitioner filed a request for leave to file a late direct appeal with the state district court. (Exhibit 136). The state district court denied the request on November 21, 2011. (Exhibit 1, at ECF No. 25).

Petitioner dispatched his federal habeas petition to this Court on June 24, 2011. (ECF No. 5, at p. 1, numbered item 5). Petitioner raises two grounds in the federal habeas petition. In Ground One, petitioner asserts that he did not make a knowing, voluntary, and intelligent waiver of his right to counsel when he was questioned by the Reno Police Department in connection with this case. (ECF No. 5, at p. 3). In Ground Two, petitioner alleges that his counsel was ineffective based on (1) counsel's failure to interview the victim or have the victim undergo a physical or psychological

3

examination and (2) counsel's failure to "present witnesses in support of defendant's theory of the case." (*Id.*, at p. 5).

Respondents have filed the instant motion to dismiss. (ECF No. 11). Petitioner filed an opposition. (ECF No. 23), and respondents filed a reply (ECF No. 25).

**II. Discussion**

Respondents move to dismiss the federal habeas petition because it is untimely under the AEDPA statute of limitations. Respondents raise additional bases for dismissal, however, the Court finds that the untimeliness of the federal petition is dispositive in this case.

**A. Untimeliness of Federal Habeas Petition**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review elapses. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Once the judgment of conviction is final, the defendant has 365 days to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, the judgment of conviction was entered on April 13, 2006. (Exhibit 31). The time for directly appealing the judgment of conviction expired on May 15, 2006. Petitioner would have needed to file his federal petition by May 15, 2007. Petitioner filed his federal habeas petition in this Court on June 24, 2011, years after the AEDPA statute of limitations period had expired. (ECF No. 5, at p. 1).[2] Further, the Court notes that petitioner did not file his state post-conviction habeas corpus petition until December 24, 2009, which was over two years after the expiration of the AEDPA's statute of limitations. (Exhibit 57). An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's federal habeas petition was untimely filed, an issue that he does not dispute in his response to respondents' motion to dismiss. Absent equitable tolling or the establishment of actual innocence to excuse the AEDPA's statute of limitations, as discussed below, the petition must be dismissed as untimely. 28 U.S.C. § 2244(d).

---

[2] The federal petition indicates that petitioner mailed his petition on June 24, 2011. (ECF No. 5, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

**B. Equitable Tolling and Actual Innocence Issues**

    **1. Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling.

    **2. *Lee v. Lampert* Actual Innocence Exception**

The Ninth Circuit has joined the Sixth, Tenth, and Eleventh Circuits in holding that "where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the *Schlup* gateway and have his constitutional claims heard on the merits." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011). "In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Lee v. Lampert*, 653 F.3d at 937 (quoting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)). "The evidence of innocence must be 'so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 937-38 (quoting *Schlup v. Delo*, 513 U.S. at 316). "*Schlup* requires a petitioner 'to support his allegations of constitutional error with new reliable evidence [of actual innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Id.* at 938 (quoting *Schlup*, 513 U.S. at 324). "The habeas court then

'consider[s] all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *House*, 547 U.S. at 538).

In the response to the motion to dismiss, petitioner argues that he has established actual innocence to excuse the filing of his untimely federal habeas petition. (ECF No. 23). The Court notes initially that petitioner failed to plead any facts supporting a claim of actual innocence in his federal petition. (ECF No. 5). In his response, petitioner asserts factual allegations and legal claims that were not asserted in his federal petition, including unauthenticated documents. (ECF No. 23). Petitioner's response does not present any new evidence to show that he is actually innocent of the crime for which he was convicted, lewdness with a minor under the age of fourteen. Petitioner argues that he was under the influence of an unknown medication at the time he entered his plea. Petitioner argues that the Reno Police Department "destroyed exculpatory evidence." (ECF No. 23, at p. 5). Petitioner further asserts that the victim's counselor coached her on how to testify at trial, the victim's mother fabricated allegations of sexual abuse to avoid eviction and prosecution for dealing drugs, and that the victim made inconsistent statements. (ECF No. 23, at pp. 3-4, 6-7).

For each of petitioner's assertions, he fails to submit any new evidence to support his allegations. There is no evidence that petitioner was under the influence of any substances at the time he entered his plea. There is no evidence that the Reno Police Department destroyed exculpatory evidence. Even if petitioner could prove the truth of these allegations, they are not "new reliable evidence" required under *Schlup* that would prove that it is more likely than not that no reasonable juror would have convicted petitioner. *See Schlup*, 513 U.S. at 322-28.

Regarding petitioner's claim that the victim was coached on how to testify and inconsistencies in the victim's statements, this is not new evidence. That the victim was coached as to how to testify and inconsistencies in her preliminary hearing testimony and her statement to police

7

came out during the preliminary hearing. (Exhibit 4, at pp. 16-38). Regarding petitioner's assertion that the victim's mother's eviction from the apartment complex was the result of petitioner reporting the mother for using the apartment for drug sales, petitioner was well aware of these claims at the time he entered his guilty plea, and as such, these assertions are not "new reliable evidence" that would establish actual innocence. Petitioner's assertions are insufficient to establish that no reasonable juror would have convicted him, particularly in light of the preliminary hearing testimony of the victim, and petitioner's own admission that the state possessed sufficient evidence for a conviction when he entered his plea. (Exhibits 4 & 27, at pp. 5-8). Because petitioner does not present new reliable evidence of his actual innocence, petitioner cannot pass through the *Schlup* actual innocence gateway, and this Court cannot excuse petitioner's untimely filing of the federal petition. *See Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). The federal habeas petition is untimely pursuant to the AEDPA statute of limitations, and petitioner is not entitled to equitable tolling or any other equitable remedy to excuse the untimely filing of the federal petition. The petition is dismissed with prejudice.

**III.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered

the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's motions at **ECF Nos. 28, 29, 31, and 37** are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 21st day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE