UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THOMAS J. BALBONI, JR., | ) | |
| Petitioner, | ) | 3:11-cv-00457-RCJ-VPC |
| vs. | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed September 21, 2012, the petition was dismissed with prejudice. (ECF No. 43). Judgment was entered on September 24, 2012. (ECF No. 44). Before the Court are petitioner's motions for recusal (ECF Nos. 50 & 52) and petitioner's motions for reconsideration (ECF No. 45 & 47).

**I. Motions for Recusal**

After the entry of judgment in this case, petitioner filed two motions seeking recusal of the undersigned. (ECF Nos. 50 & 52). "In determining whether recusal is appropriate, the Court should look toward whether a reasonable person with the knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th

Cir. 1984). Moreover, any alleged bias or prejudice must have arisen from an extrajudicial source. *Id.* A party seeking to recuse a judge under 28 U.S.C. § 144 must submit a legally sufficient affidavit detailing the circumstances warranting recusal. "An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). In the instant case, petitioner has not presented a sufficient affidavit to meet the standard for recusal. Petitioner merely makes a conclusory assertion of bias, which is insufficient. Petitioner's motions for recusal of the undersigned are denied.

**II. Motions for Reconsideration**

Petitioner has filed two motions for reconsideration of this Court's dismissal of the petition. (ECF Nos. 45 & 47).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider,

1  a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
2  prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.
3  1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

4       Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or
5  amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a
6  motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances,
7  unless the district court is presented with newly discovered evidence, committed clear error, or if
8  there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir.
9  2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have
10 determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary
11 to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party
12 presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent
13 manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington*
14 *Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

15     In the instant case, this Court properly entered judgment dismissing this action in the order
16 filed September 21, 2012. (ECF No. 43). In his motions for reconsideration, petitioner has not
17 identified any mistake, intervening change in controlling law, or other factor that would require
18 vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of
19 the action. Petitioner also has not presented newly discovered or previously unavailable evidence.
20 Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify
21 granting his motions for reconsideration.

22     **IT IS THEREFORE ORDERED** that petitioner's motions for recusal (ECF Nos. 50 & 52)
23 are **DENIED.**

24     **IT IS THEREFORE ORDERED** that petitioner's motions for reconsideration (ECF Nos.
25 45 & 47) are **DENIED.**

26

1 **IT IS FURTHER ORDERED** that petitioner shall file no further documents in this closed
2 action. Any further documents submitted by petitioner shall be stricken.
3 Dated this 30th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE